```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

JAMES KIMBALL,

      Plaintiff(s),

v.                        CASE NO.  8:02-CV-641-T-17EAJ
                                                8:03-CV-905-T-17EAJ

UNITED STATES OF AMERICA,

      Defendant(s).

_____/

## ORDER

This cause is before the Court on:

Dkt. 66 Motion to Dismiss or for Summary Judgment
Dkt. 67 Notice with Attachments
Dkt. 69 Response
Dkt. 70 Reply

This case is a claim brought under the Federal Tort Claims Act for personal injuries caused by the allegedly negligent conduct of the United States Marshals Service and the Federal Bureau of Prisons. Plaintiff alleges he was injured while being transported, and later denied medical treatment for his injuries. Plaintiff further alleges injuries related to denial of treatment for a respiratory infection.

Defendant seeks dismissal under Rule 12(b)(1) or 12(b)(6), or the entry of summary judgment against Plaintiff under Rule 56). Since the Court will consider the documents outside the Complaint, the Court denies the Motion to Dismiss, and will consider the Motion as a request for entry of summary judgment.

I.  Statement of Facts

A.  Case No. 8:02-CV-641-T-17EAJ
    Claims as to U.S. Marshal Service

    1.  Plaintiff, a federal prisoner, was transported from Tampa, Florida to jails in Fort Myers, Florida on November 15, 2000 and on November 20, 2000.  Plaintiff was held in the Morgan Street Jail or the Hillsborough County Jail, and was transported to the Hendry County Jail and the Hernando County Jail.

    2.  Plaintiff alleges he sustained personal injuries due to Defendant's negligence during those two trips.  Plaintiff claims he sustained injuries to his left shoulder, neck and head during the November 15 trip.  Plaintiff claims that he fell on a seat belt buckle during the November 20 trip, and injured his tailbone.

    2.  Plaintiff claims he was denied medical treatment while in jail between November 15, 2000 and November 20, 2000.

    3.  Plaintiff claims that he waited seven months at FCC Coleman to receive adequate medical attention for his serious respiratory infection, and the delay caused to develop polyps on his vocal cords.  Plaintiff had surgery to remove the polyps.

    4.  Plaintiff seeks damages in the amount of one million dollars.

B.  Case No. 8:03-CV-905-T-17EAJ
    Claims as to Bureau of Prisons

    1.  Plaintiff asserts the same injuries as to the Bureau of Prisons that he raises in Case No. 8:02-CV-641-T-17.  Plaintiff

2

Case No. 8:02-CV-641-T-17EAJ
         8:03-CV-905-T-17EAJ

alleges he sustained injuries to his shoulder, neck, head back and tail bone while being transported between county jails by the U.S. Marshal Service.

2. Plaintiff alleges that the FCC Coleman medical staff denied medical treatment to him for his injuries.

3. Plaintiff further alleges that the delay in treatment of his respiratory infection caused him to develop polyps on his vocal cords, and necessitated surgery to remove those polyps.

5. Plaintiff seeks damages in the amount of twenty million dollars.

II. Standard of Review

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all the evidence is viewed in the light most favorable to the nonmoving party. Sweat v. The Miller Brewing Co., 708 F.2d 655 (11th Cir. 1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. Hayden v. First National Bank of Mt. Pleasant, 595 F.2d 994, 996-7 (5th Cir. 1979), quoting Gross v. Southern Railroad Co., 414 F.2d 292 (5ht Cir. 1969). The Court may not weigh evidence to resolve a factual dispute; if a genuine issue of material fact is present, the Court must deny summary judgment.

Case No. 8:02-CV-641-T-17EAJ
         8:03-CV-905-T-17EAJ

The Supreme Court of the United States held, in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986):

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 273.

The Court also said, "Rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" <u>Celotex Corp.</u> At 274.

III. Defendant's Motion

Defendant requests the entry of summary judgment as a matter of law. Defendant argues that Plaintiff's claims related to his medical treatment while in local jails are barred under the Federal Tort Claims Act, 28 U.S.C. Sec. 1346(b), because the medial care provided was from independent contractors. As to Plaintiff's claims based on negligence, Defendant argues that the objective facts establish no breach of the duty to transport prisoners safely, no causation, and no damages. Defendant argues that Plaintiff's recitation of the facts is so outlandish that the Court should finds that Plaintiff has raised frivolous claims.

4

Case No. 8:02-CV-641-T-17EAJ
       8:03-CV-905-T-17EAJ

IV. Plaintiff's Response

Plaintiff responds that there are many factual disputes present in this case which preclude the entry of summary judgment as to the U.S. Marshal Service. Plaintiff relies on his own sworn statement as well as medical reports.

As to the claims against the Bureau of Prisons, Plaintiff argues that there are genuine factual disputes which preclude the entry of summary judgment. Plaintiff relies on the medical reports to support his claim that the Bureau of Prisons was dilatory and negligent in diagnosing and treating his injuries and illnesses.

V. Discussion

A. Claims Arising During Transport by U.S. Marshal Service

Plaintiff was transported and incarcerated in Florida, and the law of Florida governs this claim. Under Florida law, the elements of negligence are duty, breach of that duty, causation and damages. See Miller v. Foster, 686 So.2d 783 (4th DCA 1997).

The U.S. Marshal Service has a duty to transport prisoners safely. See 18 U.S.C. Sec. 4042. Defendant argues that there has been no breach of that duty, no causation, and no damages. Defendant further argues that this claim is frivolous.

Case No. 8:02-CV-641-T-17EAJ
       8:03-CV-905-T-17EAJ

Plaintiff and Defendant each provide a different factual scenario as to what transpired during the transport of November 15, 2000, during which Plaintiff alleges he injured his left shoulder, neck and head. However, the medical records and Plaintiff's own testimony establish that there is no permanent injury (Exh. A, Exh. B). As of 4/22/2001, Plaintiff still complained of pain, and a muscle relaxant was prescribed. The medical records after 4/26/2001 are centered on the evaluation of Plaintiff's laryngeal neoplasm. As of 11/21/2001, an examination of Plaintiff's neck revealed no limitations (Exh. I). Plaintiff contends he continues to have neck pain, but he is able to exercise and play racquetball regularly.

As to the alleged injury to Plaintiff's tail bone, Plaintiff testified that there is no permanent injury, and any pain associated with that injury lasted a month (Exh. A, p. 130).

After consideration, the Court grants the Motion for Summary Judgment due to an absence of proof as to damages.

B.  Claims Arising During Custody in County Jail

Defendant requests the entry of summary judgment as a matter of law as to any claim arising from Plaintiff's custody at a county jail. Defendant argues that these claims are barred under the "independent contractor" exception to the FTCA. See Logue v. United States, 412 U.S. 521 (1973). After consideration, the Court **grants** the Motion for Summary Judgment as to this issue.

6

Case No. 8:02-CV-641-T-17EAJ
         8:03-CV-905-T-17EAJ

C.  Claims Arising During Custody in Federal Facility

Plaintiff was received at FCC Coleman Low on December 27, 2000.  The medical records indicate that Plaintiff attended Sick Call on a regular basis (Exhibit I), and medical care was provided to Plaintiff.  The medical records further establish that at times medical care was offered to Plaintiff, but was refused.

In order to prove medical malpractice in Florida, a plaintiff must establish the standard of care owed by the defendant, defendant's breach of the standard of care, and that the breach proximately caused the damages claimed.  See Gooding v. University Hospital Building, Inc., 445 So.2d 1015, 1018 (Fla. 1984).

Plaintiff has not provided an affidavit from a medical practitioner that establishes the standard of care in the community, and supports a finding that Defendant breached that standard of care.  Defendant relies on the Declaration of Dr. Davila that Plaintiff was treated in conformity with community standards.

After consideration, the Court **grants** the Motion for Summary Judgment as to this issue.  Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **denied** and Defendant's Motion for Summary Judgment is **granted**.  The Clerk of Court shall enter judgment for Defendant and close the consolidated cases.

7

Case No. 8:02-CV-641-T-17EAJ
         8:03-CV-905-T-17EAJ

**DONE and ORDERED** in Chambers, in Tampa, Florida on this /s/ day of June, 2005.

                ELIZABETH A. KOVACHEVICH
                United States District Judge

Copies to:
All parties and counsel of record